IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAY ROGERS,

           Plaintiff,

v.                                                                                    Case No.  22-1044-HLT-GEB

BAYER U.S. LLC,

           Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike, in Part, Defendant's Comparative Fault Designation ("Motion"). (**ECF No. 28**). After careful consideration of all briefing, the Court **GRANTS** Plaintiff's Motion insofar as it requests the Defendant's Comparative Fault Designation be stricken and **ORDERS** the Defendant to amend its comparative fault designation on or before September 15, 2022.

**I.     Background[1]**

This personal injury case is brought in federal court based upon diversity jurisdiction. Plaintiff, a citizen of Kansas suffered injuries in Harvey County, Kansas, after being struck by a vehicle owned by the Defendant, a citizen of Indiana and New Jersey. Alleged damages are in excess of $75,000.00.

---

[1] Unless otherwise noted, the information recited in this section is taken from the Complaint (ECF No. 1); briefs regarding the pending motion (ECF Nos. 28, 31, and 33); Scheduling Order (ECF No. 16); and from the Defendant's Designation of Comparative Fault (ECF No. 21). This background information should not be construed as judicial findings or factual determinations.

The May 27, 2022, Scheduling Order (**ECF No. 16**) required the parties to make comparative fault designations on or before July 15, 2022, and further states, "Any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed." On July 19, 2022, (upon agreement to an extension by the Plaintiff,) the Defendant filed its comparative fault designation. The Plaintiff objects to paragraphs 3 and 4 of the Defendant's designation which compare fault to:

> 3. Any and all persons, parties, or entities identified by the parties to this action; and
>
> 4. Any and all non-party persons or entities later identified in discovery.

Plaintiff filed her motion asking the Court to strike paragraphs 3 and 4. (**ECF NO. 28**).

## II. Parties' Positions

### 1. Plaintiff's Arguments

The Plaintiff makes four arguments for striking paragraphs 3 and 4 from the Defendant's comparative fault designation: 1) The designation does not comply with the Court's Scheduling Order; 2) The designation is so broad and vague that it gives no information to the Plaintiff regarding who the Defendant wants to compare fault to; 3) The Defendant is now past the deadline for comparative fault designation; and 4) The Plaintiff foresees the Defendant attempting to fully identify some third party at a later date which

would occur after the Court's deadline for amending the complaint, thereby keeping the Plaintiff from naming the other entities or persons as additional defendants.

### 2. Defendant's Arguments

The Defendant argues the designation as written in paragraphs 3 and 4 protects its ability to compare fault. The Defendant also argues the parties are still engaged in the discovery process, and if additional parties or entities are revealed, it should be able to more specifically identify them, and at that time, the Plaintiff should be able to join those persons or entities as parties. The Defendant further argues the Plaintiff's motion to strike is improper, as it is not contemplated under Fed.R.Civ.P. 12(f). Finally, the Defendant argues the District of Kansas allows broad comparative fault identification.

## III.  Discussion

As a matter brought in federal court based upon diversity jurisdiction, the state substantive law of Kansas applies to this case, including the theory of comparative fault which is controlled by K.S.A. § 60-258a.[2] Comparative fault allows a defendant to have the fault of all participants in an event compared in one action, and to reduce his or her liability by the "amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are immune from liability."[3] Kansas courts have held,

---

[2] *See Hefley v. Textron, Inc.* 713 F.2d 1487, 1496 (10th Cir. 1983); *see also Rosene and Assoc., Inc. v. KS Municipal Gas Agency, et al.*, 123 F.3d 1351, 1352 (1997).

[3] *Hefley* at 1496; *see also Lawson v. Australian Defense Indus. Ltd.*, No. 95-2322, 1996 WL 159642, at *1 (D. Kan. Apr. 4, 1996) (holding that "a party asserting a claim under the Kansas comparative-fault statute, K.S.A. 60-258a, may pursue only one action to adjudicate the fault as to everyone whose fault might compared. Such comparison includes the fault of both parties and non-parties.").

where the possibility exists that multiple parties are at fault for a tort claim and plaintiff does not bring claims against all said parties, the named party or parties are only responsible for their proportionate share of damages.[4]

First, the Court acknowledges the Plaintiff's Motion is properly before the Court. It is not prohibited by the limitations of Fed.R.Civ.P. 12(f) as argued by the Defendants.[5] In *Murry v. Manorcare of Topeka, KS, LLC, et al.,* the court considered the plaintiff's motion to strike the comparative fault designations of the defendants.[6] The court adopted the plaintiff's argument that the defendants, although filing their comparative fault designation in a timely manner, failed to sufficiently identify the individuals or entities whose fault was to be compared because defendants only indicated they might compare the fault of third parties at some point in the future.[7] The defendants' comparative fault designation identified, "American Medical Response and Topeka Fire Department '[i]f investigation and discovery reveal negligent assessment, care and treatment of Lula Robertson from August 28, 2018, to the date of her death'." Despite the defendant's non-compliance, the court permitted the comparative fault designation because there was no undue prejudice to the plaintiff who was on notice of defendant's intent to compare fault for over two years

---

[4] *Haysville U.S.D. No. 261 v. GAF Corp., et al.,* 233 Kan. 635, 666 P.2d 192, 198 (1983) (citation omitted).
[5] *See Harris v. Walmart, Inc.*, No. 19-01144-EFM, 2020 WL 4199643 (D.Kan. July 21, 2020); *See also Murray v. Manorcare of Topeka, KS, LLC, et al.,* No. 19-2148-HLT-KGG, 2022 WL 2315527 (D. Kan. June 28, 2022).
[6] *Murray* at *1.
[7] *Id.* at *2.

prior to filing the motion to strike, and the plaintiff could have propounded discovery to identify those third parties but failed to do so.[8]

In this case, the Plaintiff filed her motion shortly after Defendant filed its comparative fault designation, so timeliness is not an issue. And, similar to *Murray*, this Court agrees the Defendant's designation is vague, broad, and it does not comply with the Court's Scheduling Order. Both parties cite *Tate v. Quicktrip Corp.,* which addresses compliance with the scheduling order when making a comparative fault designation.[9] In *Tate,* the plaintiff filed a motion to strike defendant's comparative fault designation for failing to satisfy the requirement of notice pleading because, "Defendant has failed to state any facts which support its fault comparison."[10] The defendant identified two categories of individuals in its designation, "customers or vendors of QuikTrip who would have walked over the subject rug within one hour prior to plaintiff's fall" and "[i]ndividuals, who are not employees or agents of defendant, who had responsibility for maintaining the subject rug."[11] In ruling on the motion to strike, the court based its decision on whether the defendant complied with its scheduling order, which required the parties "identify all persons or entities whose fault is to be compared," with no requirement to state facts in support of its fault comparison.[12] The court found the defendant, in identifying categories of individuals, sufficiently complied with its scheduling order.[13]

---

[8] *Id.* at *3.
[9] ECF Nos. 31, 33.
[10] No. 08-1268-JTM, 2009 WL 211920, at *2 (D. Kan. January 27, 2009).
[11] *Id.*
[12] *Id.*
[13] *Id.*

Here, the Defendant has failed to either identify individuals or entities by name *or* category. Further, the controlling Scheduling Order requires the parties to "specify the nature of the fault which is claimed."[14] The Court acknowledges this case is early in the discovery process, and specific individuals may not yet be known to the Defendant. At a minimum, the comparative fault designation filed by the Defendant puts the Plaintiff on notice the Defendant intends to look to third parties to compare fault, and the issue of comparative fault should be explored further during discovery. However, in order to fully comply with the Court's Scheduling Order, the Defendant shall file an amended comparative fault designation on or before **September 15, 2022**, to either disclose specific names of entities or individuals known to the Defendant, or more fully identify categories of entities or individuals, and identify the nature of the fault which is claimed.

Finally, this Court reiterates to the parties that it strongly encourages arranging a telephone conference with the Court prior to filing any discovery-related motions.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike, in Part, Defendant's Comparative Fault Designation **(ECF No. 28)** is **GRANTED**, and the Court **ORDERS** the Defendant to file an amended comparative fault designation on or before **September 15, 2022.**

**IT IS SO ORDERED**.

---

[14] ECF No. 16.

Dated at Wichita, Kansas this 8th day of September 2022.

          _s/ Gwynne E. Birzer_
          GWYNNE E. BIRZER
          United States Magistrate Judge